IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAMUEL RILEY, #65140                                                                PLAINTIFF

VERSUS                                               CIVIL ACTION NO.  1:04cv98-JMR-JMR

JACKSON COUNTY SHERIFF'S DEPARTMENT;
MIKE BYRD IN HIS OFFICIAL CAPACITY AS
THE DULY ELECTED SHERIFF OF JACKSON
COUNTY; JACKSON COUNTY; AND JOHN DOES
"A" THROUGH "Z" NI THEIR OFFICIAL CAPACITIES                    DEFENDANT(S)

## MEMORANDUM OPINION

This matter comes before the Court on the Motion [27-1] of Defendants Mike Byrd ("Byrd")

and Jackson County for Summary Judgment.[1]  Also pending before the Court is the Defendants'

Motion [33-1] to Strike Plaintiff's Exhibits 12, 13, 15, 16, 17, 18, and 19.  This Court being fully

advised in the premises, and after carefully considering the pleadings filed as a matter of record,

along with the applicable law, finds as follows:

## STATEMENT OF CASE

The Plaintiff, Samuel Riley, filed his Complaint [1-1] on February 25, 2004, alleging

violations of his federal civil rights pursuant to 42 U.S.C. § 1983 while he was being arrested by

---

[1]The Court notes that Defendants John Does "A" through "Z" have not been served.  This Court concludes that Defendants John Does "A" through "Z" should be dismissed for failure to effectuate timely service of process.  *See* FED. R. CIV. P. 4(m) and 41(b).  The Court further notes that the style of the case includes "The Jackson County Sheriff's Department of Mississippi" ("Sheriff's Department") as a Defendant.  However, absent any showing by the Plaintiff that the Sheriff's Department enjoys a separate legal existence than that of the county under Mississippi state law, this Court concludes that the Sheriff's Department is not a proper party to this lawsuit.  *Whiting v. Tunica County, et al.*, 222 F.Supp.2d 809, 825 (N.D. Miss. July 19, 2002) (*citing Darby v. Pasadena Police Departmenti*, 939 F.2d 311, 313 (5th Cir. 1991)).  This Court concludes that the Jackson County Sheriff's Department should be dismissed and construes the claims raised against the Sheriff's Department as claims against Jackson County.

officers of the Jackson County Sheriff's Department.  The only claim at issue in the Defendants'

Motion [27-1] for Summary Judgment is the Plaintiff's official capacity claim against Byrd and

Jackson County for violation of his Fourth Amendment right to be free from excessive force.[2]

On October 24, 2002, officers of the Jackson County Sheriff's Department were called to the

residence of the Plaintiff, Samuel Riley.  Riley had barricaded himself inside a bathroom located on

the bottom portion of his home.   Riley had been drinking heavily and was suicidal, as exhibited by

his threats to kill himself with a .22 caliber pistol he had in his possession.  Additionally, the Plaintiff

made threats to kill the officers on site.  (Complaint).

The Emergency Services Unit ("ESU") of the Jackson County Sheriff's Department was

deployed to the scene.  Sgt. Craig Douglas, commander of the ESU team, requested the presence of

Major M.P. Robichaux to establish the "bi-lateral command required by the Sheriff."  ("After Action

Report for Incident 02-006536, Barricaded Subject Call-Out for E.S.U.," attached to the Plaintiff's

Response in Opposition to the Defendants Motion for Summary Judgment as Exhibit 3).  Sgt.

Douglas was responsible for giving the operational instructions to ESU team members on site.

These instructions commanded that if Riley exited the bathroom armed with a weapon, then lethal

force would be authorized; and, if Riley exited the bathroom unexpectedly and with no weapon, then

less lethal munitions would be employed.  (*Id.*).  Upon his arrival at the site, Major Robichaux

concurred with Sgt. Douglas' operational instructions.  (*Id.*).  Deputy Vincent Carag, Jr. And Deputy

William Correa were the ESU officers on site who were trained in and responsible for the

_____

[2]The Court notes that the Plaintiff's Complaint [1-1] alleged violations of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.  An Agreed Order [32-1] was entered on April 29, 2005, by which the Plaintiff's claims under the Fifth, Eighth, Ninth and Fourteenth Amendments were dismissed with prejudice.  The Court further notes that pursuant to the Plaintiff's request in his Complaint [1-1], this Court will not exercise jurisdiction over state law claims.

implementation of less lethal munitions.  (*See* Excerpt of Deputy Carag's Deposition, attached to the Defendants' Rebuttal as Exhibit 11).

After approximately five (5) hours, Riley emerged from the bathroom.  It is disputed how Riley exited the bathroom.  Riley claims that he announced he was coming out and came out slowly with his hands up, doing everything the officers said.  The Defendants claim he made an explosive exit and did not follow commands to stop and get down; they claim they did not know where the pistol was located.  Under either scenario, as Riley exited the bathroom he was shot eight (8) times with less lethal munitions.  More specifically, a rubber buckshot round known as a "stinger" and three (3) bean bag rounds were deployed by Deputy Carag and four (4) bean bag rounds were deployed by Deputy Correa.  (*See* Excerpts of Deputy Carag's and Deputy Correa's Depositions, attached to the Defendants Motion for Summary Judgment as Exhibits 9 and 8, respectively).  Riley was subsequently subdued and transported to Singing River Hospital for treatment and psychological therapy.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97.  "The requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

-3-

unnecessary will not be counted."  *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion.  *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986).  To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).  To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact.  *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights.  Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States.  *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981).  A plaintiff cannot succeed merely by showing any deprivation of his rights.  Section 1983 was intended to protect rights protected by federal law.  *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

-4-

## ANALYSIS

The Plaintiff alleges that he was subjected to excessive force when he was shot with non-lethal munitions as he emerged, unarmed, from a bathroom in his residence where he had barricaded himself in an attempt to commit suicide.  The Plaintiff only advances one distinct legal theory of recovery, namely official capacity claims against Defendants Byrd and Jackson County.[3]  The Plaintiff's official capacity excessive force claim will be addressed below.

Claims against governmental agents or officers in their official capacities are essentially claims against the governmental entity itself.  *See Moore v. Carroll County*,  960 F.Supp. 1084, 1087 n.3 (N.D. Miss. 1997). The suit is against the office that the employee holds and not the actual employee. *See Brandon v. Holt*, 105 S.Ct. 873, 878, 469 U.S. 464, 471-72 (1985); *Kentucky v. Graham*, 105 S.Ct. 3099, 3104-05, 473 U.S. 159, 165 (1985); *Moore*, 960 F.Supp. at 1087 n.3 The Plaintiff's official capacity claims against Defendant Byrd are in reality claims against Jackson County.  Since the County is a local governmental entity, the plaintiff must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence regarding municipal liability.

A plaintiff must establish the existence of three elements to make a claim for section 1983 municipal liability: (1) the existence of a policy maker; (2) the existence of an official policy; and (3) the violation of constitutional rights whose "moving force" is the policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), 98 S.Ct. 2018; *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir.  2001), *cert. denied*, 122 S.Ct. 53 (2001).

---

[3]The Court finds that the disputed issue of how the Plaintiff exited the bathroom is immaterial, as the Court is only presented with official capacity claims.

There is no respondeat superior liability under 42 U.S.C. § 1983.  Therefore, before a county or its officers in an official capacity can be found liable under § 1983, there must be a policy, custom or practice that caused the deprivation of rights.  *Monell,* 98 S.Ct. 2018, 436 U.S. 658 (1978); *Piotrowski*, 273 F.3d 567 (5th Cir. 2001).

The Fifth Circuit stated in *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997):

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff <u>must initially allege</u> that an <u>official policy or custom</u> "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy this cause in fact requirement, a plaintiff must allege that "the custom and policy served as the moving force behind the [constitutional] violation" at issue, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996),  <u>or</u> that her injuries resulted from the execution of the official policy or custom,  *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992).  The description of a policy or custom and its relations to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Id.* at 1278.

(Emphasis added).  "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." *Piotrowski*, 237 F.3d at 579, n. 22 (quoting *Bd. Of Comm'rs of Bryan County*, 520 U.S. 397, 407, 117 S.Ct. 1382,  1390, citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989)).

The Plaintiff asserts a number of arguments in support of his contention that there exists an official policy, custom or practice of Sheriff Mike Byrd, in his official capacity, that has led to a violation of the Plaintiff's Fourth Amendment rights: 1) the failure of the Jackson County Sheriff's Department to establish written rules, regulations, or policies concerning the use of less

lethal munitions and weapons;  2) the on site operational instructions of Sgt. Douglas and Major Robichaux constitute a policy whose edicts or acts may fairly be said to represent official policy; 3) the deputies who fired the less lethal rounds had improper training; and 4) the deputies' supervisory staff at the scene (i.e. Sgt. Douglas and Major Robichaux) did not have training in specialty impact munitions.  As set forth herein, the Plaintiff has not sufficiently shown, by credible evidence,[4] that there was any official policy, custom, or practice of Jackson County which was the moving force behind a violation of his Fourth Amendment right to be free from excessive force.

A. Failure to Establish Written Rules, Regulations or Policies

The Plaintiff asserts that the failure of the Jackson County Sheriff's Department to establish written rules, regulations, or policies concerning the use of less lethal munitions and weapons led to a violation of the Plaintiff's Fourth Amendment right to be free from excessive force.  There is Fifth Circuit authority for attaching § 1983 liability to a municipal policy-maker's failure to adopt a precaution.  *See Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992).  However, just as a municipal "policy" must be an intentional choice of the policy-maker, so must the failure

---

[4]The Plaintiff's expert affidavit and report, as well as the exhibits concerning the filing of civil complaints against the Sheriff's Department, are all the subject of the Defendants' pending Motion [33-1] to Strike Plaintiff's Exhibits 12, 13, 15, 16, 17, 18, and 19.  The Court will deny the Defendants' Motion [33-1], but not without noting it's reservations regarding the above-mentioned exhibits.  The Court notes that the mere filing of suits against the Sheriff's Department is only proof of inconclusive allegations, and does not amount to proof of the acts alleged therein.  The Court further notes that the only qualifications listed for the Plaintiff's expert, Mr. Graben, are that he is "an adult resident citizen of Harrison County, Mississippi" and that he is "President of Ross Graben Associates, Inc., a private investigative company located in Gulfport, Mississippi."  No other creditials are provided.  However, Mr. Graben reaches a number of conclusions regarding the Sheriff's Department's use of force, particularly opining that the force used was excessive and that there exists a pattern of such allegedly excessive force.  Despite these concerns, this Court will consider the Plaintiff's exhibits, to the extent that they are relevant and credible.

to adopt a policy amount to an intentional choice.  *Id.* (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).  A municipal policy-maker's failure to adopt a policy does not amount to an intentional choice unless it can be proven to have been the result of deliberate indifference.  *City of Canton*, 489 U.S. at 390; *see also Evans v. City of Marlin, Texas*, 986 F.2d 104, 108 (5th Cir. 1993).  A failure to adopt an official policy can be considered deliberately indifferent if the likely consequences of that failure will be a deprivation of constitutional rights.  *Id.*

As the Defendants point out in their Rebuttal [34-1], there was in fact a written policy in place concerning use of force.  That policy clearly states, "Employees, when making a lawful arrest, shall not use more force than necessary in affecting an arrest or in dealing with any person, and shall not subject such person to more restraint than is necessary for his arrest or detention." (General Rules of Conduct, No. 200, 2.9 "Use of Force;" attached to the Defendants' Motion for Summary Judgment as Exhibit 5).  This policy covers the use of force in all circumstances, with no qualifications.  Clearly, the Jackson County Sheriff's Department has a policy in place that applies to the use of force in all circumstances.  The Plaintiff has presented no controverting evidence that this policy was implemented with deliberate indifference.[5]

---

[5]This Court acknowledges the Plaintiff's attempt to prove deliberate indifference.  The Plaintiff points to a specialty impact munitions training manual, which warns that these types of munitions have the potential for causing serious injury and/or death.  (Plaintiff's Response, Exhibit 11, p. 16).  The Plaintiff then provides this Court with the affidavit of his expert, Mr. L. Ross Graben, which provides an opinion that no alternative instructions were given to the on site deputies that would have allowed the deputies to use less force.  (Plaintiff's Response, Exhibits 12 and 13). Finally, the Plaintiff provides a number of examples of lawsuits (i.e. copies of complaints and case summary sheets) filed against the Jackson County Sheriff's Department that he alleges put the Sheriff's Department on notice that officers are aggressive and that there are no repercussions for such aggression.  (Plaintiff's Response, Exhibits 15,16, 17, 18, and 19).  Despite these exhibits, the Plaintiff still fails to present credible evidence that the use of force policy in place was insufficient to the point of deliberate indifference.

B. The On Site Operational Instructions as Official Policy

The Plaintiff asserts that the on site operational instructions of Sgt. Douglas and Major Robichaux constitute a policy whose edicts or acts may fairly be said to represent official policy. As this Court noted in the preceding section of this Memorandum Opinion, a written use of force policy existed that applied to all circumstances in which force was to be applied. This Court concludes that any on site instructions to the contrary would have been deviations from that policy, not the establishment and acquiescence of an official policy.

C. Improper Training

The Plaintiff asserts that the deputies who fired the less lethal rounds had improper training, which led to a violation of the Plaintiff's constitutional rights. Although a municipality may incur liability under § 1983 for a policy inadequate training of it's officers, a plaintiff must first prove that 1) the municipality's training procedures were inadequate, 2) the municipality's policy-maker was deliberately indifferent in adopting the inadequate training policy, and 3) the inadequate training policy directly caused the plaintiff's injury. *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir. 1992) (*citing City of Canton,* 489 U.S. 378). This Court finds the Plaintiff's allegation of improper training to be without merit, in light of the many specialty impact munitions training certificates produced by the Defendants. ( *See* Defendants' Motion for Summary Judgment, Exhibits 3m and 4m). The Plaintiff further contends that the deputies' actions resulted from ineffective training, that their disregard for their training manual instructions on the appropriate amount of force illustrates their ineffective training. However, this Court is only presented with official capacity claims. Individual deviations from procedures will not attach liability to Jackson County. The Plaintiff appears to make one final and glancing allegation in the

-9-

area of improper training - that the deputies were improperly supervised because the supervisory staff had no training in specialty impact munitions.  As the Plaintiff provides no evidence and cites to no authority for this conclusory allegation, this Court concludes that it is without merit.

<u>**CONCLUSION**</u>

Based on the foregoing, this Court is of the opinion that the Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim.  Therefore, this Court finds that the Motion [27-1] of Defendants Mike Byrd and Jackson County for Summary Judgment should be sustained, and that all claims against the aforementioned Defendants should be dismissed with prejudice.

THIS the __19th__ day of July, 2005.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE